IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DFSB KOLLECTIVE CO., LTD., JUNGLE ENTERTAINMENT, WOOLIM ENTERTAINMENT, and LOVEROCK COMPANY,<br><br>　　　　Plaintiffs,<br><br>　v.<br><br>MIRANDA YEW, an individual and d/b/a/ MAYPAYKOREANMUSIC.BLOGSPOT.COM and MAYPAYMUSIC.BLOGSPOT.COM, and DOES 1 through 10, inclusive,<br><br>　　　　Defendants.<br>　　　　　　　　　　　　　　　　　　/ | No. C 11-01065 WHA<br><br>**ORDER AUTHORIZING ALTERNATE SERVICE** |

　　　　In this copyright-infringement action, plaintiffs seek authorization to serve the summons and complaint upon defendant Miranda Yew via e-mail (Dkt. No. 13). Ms. Yu has neither entered an appearance nor accepted service of process in this action. After an exhaustive search, plaintiffs have been unable to ascertain a physical address for Ms. Yu, but have confirmed that she conducts all of her business electronically. For the reasons stated below, defendants may serve Ms. Yu via e-mail.

　　　　A district court may order service upon an individual in a foreign country by way of an alternative means that is "not prohibited by international agreement" and that "comport[s] with constitutional notions of due process." FRCP 4(f)(3); *Rio Props., Inc. v. Int'l Interlink*, 284 F.3d 1007, 1015 (9th Cir. 2002). Alternate service of process under Rule 4(f)(3) is neither a

last resort nor extraordinary relief. *Rio Props.*, 284 F.3d at 1015. In this instance, service via e-mail is both necessary and appropriate.

*First*, service of defendant via e-mail is not prohibited by international agreement. Although plaintiffs have been unable to determine Ms. Yu's exact physical whereabouts, plaintiffs "have good cause to suspect Defendant resides in Sydney, Australia, based on her assertions on her Facebook profile and other third-party accounts" (Br. 7–8). Both the United States and Australia are signatories to the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters (Drey Exh. F). The Hague convention, however, does "not apply where the address of the person to be served with the document is not known." 20 U.S.T. 361 (1969).

Defendant Yu's address is not known. Ms. Yu does not provide physical contact information on her accused websites or in her online Facebook profile. Plaintiffs subpoenaed Ms. Yu's contact information from the company that hosted her accused websites, only to learn that she provided no physical address or telephone number in conjunction with establishing the websites. Plaintiffs also contacted one of Ms. Yu's former business associates, who confirmed that she relies solely on e-mail communication (Drey Decl. ¶¶ 2–4). Plaintiffs suspect that Ms. Yu's reason for operating her business anonymously and relying solely on electronic communications is to conceal her location and avoid liability for her allegedly infringing acts (Br. 3). This order finds that Ms. Yu's address is unknown, but infers no culpability from this finding. Because Ms. Yu's address is unknown, the Hague convention does not apply.

*Second*, service via e-mail comports with due process under the present circumstances. To satisfy the due-process requirement, the method of service must be "reasonably calculated, under all the circumstances, to appraise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Rio Props.*, 284 F.3d at 1016. The Ninth Circuit Court of Appeals has found service via e-mail to be "constitutionally acceptable" in circumstances similar to those present here. *See id.* at 1017. Ms. Yu's accused websites advised readers wishing to contact her to do so via e-mail. In her dealings both with her website host and with her business associates, Ms. Yu provided her e-mail addresses as her only form of contact

information (Drey Decl. ¶¶ 3–4). Because Ms. Yu has relied exclusively on e-mail for business communication, service of the summons and complaint by e-mail would be reasonably calculated to appraise her of the pendency of the action. Indeed, service by e-mail appears to the be best available means for achieving that objective.

Plaintiffs' motion for authorization of alternate service is **GRANTED**. Plaintiffs shall serve the summons and complaint upon defendant by e-mailing copies to her at the following four e-mail addresses: dreams_reality159@hotmail.com; maypaymusic19@gmail.com; silent_dreams19@hotmail.com; and miranda_puppy@hotmail.com.

**IT IS SO ORDERED.**

Dated: May 31, 2011.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE