IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DFSB KOLLECTIVE CO., LTD., JUNGLE ENTERTAINMENT, WOOLIM ENTERTAINMENT, and LOVEROCK COMPANY,<br><br>Plaintiffs,<br><br>v.<br><br>MIRANDA YEW, an individual and d/b/a/ MAYPAYKOREANMUSIC.BLOGSPOT.COM and MAYPAYMUSIC.BLOGSPOT.COM, and DOES 1 through 10, inclusive,<br><br>Defendants. | No. C 11-01065 WHA<br><br>**ORDER PARTIALLY GRANTING MOTION FOR DEFAULT JUDGMENT AND ENTERING PERMANENT INJUNCTION** |

**INTRODUCTION**

In this copyright infringement action, plaintiffs move for default judgment. For the reasons stated below, the motion is **GRANTED IN PART AND DENIED IN PART**.

**STATEMENT**

Plaintiffs are Korean companies who own, license, and distribute Korean pop musical recordings and associated visual artwork. The 65 musical and artistic works they assert in this action were timely registered with the United States Copyright Office (Compl. ¶¶ 7–14).

Defendant Miranda Yew, who is believed to reside in Australia, uses a variety of aliases to distribute and help others distribute unauthorized copies of music and associated artwork via the internet. She has operated several websites with the primary purpose of disseminating "content

that has been unlawfully copied, reproduced, distributed, advertised, publicly performed and/or publicly displayed that is available on third party websites" (Compl. ¶¶ 16, 18–20). Defendant's websites provide indices of links to third-party websites where unauthorized copies of musical and artistic works are displayed and can be downloaded. Defendant's own websites also display unauthorized copies of artwork images and contain unauthorized copies of music recordings that can be downloaded by internet users (Bernie Cho Decl. ¶ 5).

Defendant Yew uses the services of companies in this district, including Facebook and YouTube, to advertise and direct internet users to her websites. She does not charge a fee for use of her websites, but she encourages users to make donations, and she hosts advertisements on her websites as a source of revenue (Compl. ¶¶ 18, 21; Bernie Cho Exh. C at 113 ("perhaps a little donation via the donation box on the main page plus clicking the ads displayed will be appreciated")). Defendant has received multiple notices that her online conduct violates copyright laws, and some of her accounts have been shut down due to copyright violations. Nonetheless, she has persisted in operating her business by continually creating new online accounts (Bernie Cho Decl. ¶ 6).

Plaintiffs filed this action in March 2011, alleging that defendant Yew had copied or helped others to copy 65 of their copyrighted works. The complaint asserts that defendant is liable for direct, contributory, and induced copyright infringement. In May 2011, plaintiffs were authorized to serve defendant by email because her physical contact information could not be ascertained (Dkt. No. 14). Defendant was served the same day (Dkt. No. 15). The clerk entered defendant's default in July 2011, and plaintiffs filed the instant motion two months later, seeking default judgment, statutory damages, interest, and a permanent injunction (Dkt. Nos. 19, 24). Notice of the motion was served on defendant via all four of her known email addresses (Dkt. No. 24 at 33). Defendant's opposition or statement of non-opposition to the motion was due on August 25, but none was filed. Defendant has not made any filing or appearance in this action. This order follows a hearing on the motion.

2

**ANALYSIS**

After entry of default, well-pled allegations in the complaint regarding liability are taken as true, except as to amount of damages. *Fair Hous. of Marin v. Combs*, 285 F.3d 899, 906 (9th Cir. 2002).

1. **JURISDICTION.**

Subject-matter jurisdiction exists over plaintiffs' claims because they arise under the United States copyright laws. 28 U.S.C. 1331. Specific personal jurisdiction exists over defendant because her acts giving rise to this action include purposeful availment of the benefits and protections of doing business with companies located in this district, and the exercise of jurisdiction comports with fair play and substantial justice (Compl. ¶¶ 18, 21). *See Lake v. Lake*, 817 F.2d 1416, 1421 (9th Cir. 1987).

2. **ENTRY OF DEFAULT JUDGMENT.**

FRCP 55(b)(2) permits a court to enter default judgment against a defendant who has defaulted. "The district court's decision whether to enter a default judgment is a discretionary one." *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). District courts consider several factors when exercising discretion to award default judgment: (1) the possibility of prejudice to the plaintiff; (2) the merits of the plaintiff's substantive claim; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits. *Eitel v. McCool*, 782 F.2d 1470, 1471–72 (9th Cir. 1986).

  **A. Merits of the Claims and Sufficiency of the Complaint.**

The complaint asserts three claims for relief: direct copyright infringement, contributory copyright infringement, and induced copyright infringement. Plaintiffs' allegations and documentation establish liability for both direct and contributory copyright infringement. Induced copyright infringement, on the other hand, is not a cognizable claim for relief.

3

**(1)** **Direct Copyright Infringement.**

Direct copyright infringement is established by showing ownership of the copyright and copying of protected elements. *Shaw v. Lindheim*, 919 F.2d 1353, 1356 (9th Cir. 1990). Plaintiffs state that they own the copyrights to all 65 of the asserted works, and that they timely registered each of the works with the United States Copyright Office (Compl. ¶¶ 7–15; Bernie Cho Exh. B). The ownership element is therefore satisfied. *See* 17 U.S.C. 410(c) ("In any judicial proceedings the certificate of a registration made before or within five years after first publication of the work shall constitute prima facie evidence of the validity of the copyright and of the facts stated in the certificate.").

Plaintiffs also have shown that defendant herself copied at least some of the asserted works. For example, defendant's websites display identical copies of artwork featured on plaintiffs' album covers (Compl. ¶ 18; Bernie Cho Exh. C). Defendant's websites also feature identical copies of musical recordings owned by plaintiffs (Compl. ¶ 22; Jung Hyun Cho Decl. ¶ 2). Because the copies are identical, they include the protected elements, and they are so overwhelmingly similar to the originals that the possibility of independent creation is precluded. *See Twentieth Century-Fox Film Corp. v. MCA, Inc.*, 715 F.2d 1327, 1330 (9th Cir. 1983). The copying element of direct infringement is also satisfied. Plaintiffs have made an adequate showing on their first claim for relief.

**(2)** **Contributory Copyright Infringement.**

"[A]n actor may be contributorily liable for intentionally encouraging direct infringement if the actor knowingly takes steps that are substantially certain to result in such direct infringement." *Perfecet 10, Inc. v. Amazon.com, Inc.*, 508 F.3d 1146, 1171 (9th Cir. 2007). The complaint explains that defendant's websites are designed to aid internet users "who would otherwise not have the tools available to them to locate the infringing content" (Compl. ¶ 19). Specifically, defendant helps such users access illicit copies of musical recordings and album artwork available on her websites and on third-party websites to which her websites link. Defendant's websites are in essence "one-stop shops for infringing material" (*ibid.*). Plaintiffs have submitted documentation confirming defendant's intent (Bernie Cho Exh. C at 113

("I would appreciate it if you told ALL your friends about this blog and my korean [*sic*] music blog so that more people will download the stuff I've uploaded")). Moreover, defendant has received multiple copyright-violation notices and has nonetheless persisted in operating her business (Compl. ¶ 35; Bernie Cho Exh. C at 123 ("I got my second infringement warning . . . new account at http://www.youtube.com/user/maypaymusic2 SEE YOU THERE") (ellipsis in original)). Plaintiffs have made an adequate showing on their second claim for relief.

### (3) Induced Copyright Infringement.

Inducement of copyright infringement is an element of one type of contributory copyright infringement, not a separate claim for relief. To support their third claim, plaintiffs cite a Supreme Court decision adopting "the inducement rule" of patent law into copyright law (Br. 7–8). *See Metro-Goldwyn-Mayer Studios Inc. v. Grokster, Ltd.*, 545 U.S. 913, 936–37 (2005). Plaintiffs, however, have taken this holding out of context. Inducement was discussed only as a sub-category "[w]ithin the general rule that '[o]ne infringes contributorily by intentionally inducing or encouraging direct infringement.'" *Perfect 10, Inc. v. Amazon.com, Inc.*, 487 F.3d 701, 726 (9th Cir. 2007) (citing *Grokster*, 545 U.S. at 930). Thus, plaintiffs' third claim for relief is not an independent claim but merely a theory of liability for contributory infringement, their second claim for relief. As such, it is superfluous. Plaintiffs' third claim for relief is **DISMISSED**.

\*         \*         \*

Plaintiffs have shown defendant to be liable for direct and contributory infringement of their copyrighted works. Plaintiffs swear that defendant has infringed each of their 65 asserted works, but they do not specify the type or types of infringement for each one (Compl. Exh. A; Bernie Cho Decl. ¶ 7). Accordingly, it is impossible to allocate specific works to specific claims for relief. This order nonetheless finds that plaintiffs' complaint and documentation are sufficient to demonstrate liability as to both cognizable claims and infringement as to all 65 asserted works, whether direct, contributory, or both. The second and third *Eitel* factors favor entry of default judgment as to plaintiffs' claims for direct and contributory copyright infringement.

5

### B. Remaining Factors.

For the following reasons, each of the remaining *Eitel* factors also favors entry of default judgment.

*First*, declining to enter a default judgment would result in prejudice to plaintiffs. If the motion were denied, plaintiffs would be without a remedy.

*Second*, the sum of money at stake is moderate. A large sum would disfavor default judgment. *See Eitel*, 782 F.2d at 1472 (finding that, in light of the parties' dispute as to material facts, having a $2,900,000 judgment at stake supported a decision not to enter default judgment). Plaintiffs here seek damages in the amount of $325,000. Although a substantial amount, this is an order of magnitude less than the sum contemplated in *Eitel*.

*Third*, the possibility of a dispute concerning material facts is remote. Since defendant has defaulted, all well-pled allegations in the complaint are taken as true. *Fair Hous. of Marin*, 285 F.3d at 906. Moreover, plaintiffs have submitted voluminous documentation illustrating the content and operation of defendant's websites.

*Fourth*, it is unlikely that default was the result of excusable neglect. This action was filed back in March 2011, and in May 2011, defendant was served at four different email accounts used to conduct her business (Dkt. No. 15). Defendant was put on fair notice of this action and had ample opportunity to defend it.

*Fifth*, although federal policy favors decisions on the merits, Rule 55(b)(2) permits entry of default judgment in situations such as this where a defendant refuses to litigate.

Having considered all of the *Eitel* factors, this order finds that the entry of default judgment is warranted as to plaintiffs' claims for direct and contributory copyright infringement.

### 3. SCOPE OF RELIEF.

The scope of relief allowed through default judgment is limited by FRCP 54(c), which states that a default judgment "must not differ in kind from, or exceed in amount, what is demanded in the pleadings."

6

### A. Damages.

A successful plaintiff may elect either statutory damages or actual damages for copyright infringement. 17 U.S.C. 504(c)(1). Here, plaintiffs elect statutory damages (Br. 12). The copyright owner generally may recover an award of statutory damages between $750 and $30,000 for each infringed work, "as the court considers just." 17 U.S.C. 504(c)(1). Where the copyright owner proves that infringement was committed willfully, however, the upper bound is increased to $150,000 per work. *Id.* at 504(c)(2).

Plaintiffs argue that defendant's infringing acts were willful. Based the pleadings and documentation referenced above, this order agrees. Thus, the range of possible statutory damages for defendant's infringement is $750 to $150,000 for each of plaintiffs' 65 works. "The court has wide discretion in determining the amount of statutory damages to be awarded, constrained only by the specified maxima and minima." *Harris v. Emus Records Corp.*, 734 F.2d 1329, 1335 (9th Cir. 1984).

Plaintiffs request an award of $5,000 per work, for a total of $325,000 (Br. 14). This amount is just. It is substantial enough to compensate plaintiffs for their losses and to further the policy goals of specific and general deterrence, yet it is not overreaching. In light of defendant's willfulness and the $150,000-per-work statutory maximum, plaintiffs' request of $5,000 per work is reasonable. Plaintiffs may recover their requested damages in the amount of $325,000.

### B. Interest.

Plaintiffs also request an award of post-judgment interest (Br. 15). "Interest shall be allowed on any money judgment in a civil case recovered in a district court." 28 U.S.C. 1961(a). Plaintiffs are entitled to post-judgment interest at the statutory rate.

### C. Permanent Injunction.

A court may enter an injunction against a defendant to prevent future copyright infringement. 17 U.S.C. 502(a). As of the time the complaint was filed, defendant was still copying, displaying, and distributing unauthorized copies of plaintiffs' works. Defendant did not cease her infringing activities in the face of multiple notices and account shutdowns. Defendant has failed to appear in this action or respond to the allegations in the complaint. There is no

7

indication that defendant intends to stop her infringing activities any time soon. Plaintiffs therefore are entitled to injunctive relief, but plaintiffs must serve on defendant Yew this order granting injunctive relief in order to make contempt proceedings possible.

### D. Attorney's Fees and Costs.

The complaint requests reimbursement of reasonable attorney's fees and costs (Compl. 10). The instant motion, however, does not address that request, and plaintiffs have not submitted any documentation of attorney's fees or costs. Accordingly, plaintiffs are not entitled to reimbursement of attorney's fees or costs.

### CONCLUSION

For the reasons stated above, plaintiffs' motion for default judgment is **GRANTED IN PART AND DENIED IN PART**. Judgment will be entered in favor of plaintiffs and against defendant Miranda Yew on plaintiffs' claims for direct and contributory copyright infringement in the total amount of $325,000.00. Plaintiffs are entitled to post-judgment interest on this damages award, but there will be no award of attorney's fees or costs. Plaintiffs' claim for induced copyright infringement is **DISMISSED**.

Defendant Miranda Yew is permanently **ENJOINED** from copying, displaying, or distributing plaintiffs' works without permission, and from providing internet links or instructions enabling others to access infringing copies of plaintiffs' works. For a district court's contempt power to apply to an injunction, defendants must "receive actual notice of it by personal service or otherwise." FRCP 65(d)(2). Plaintiffs are instructed to serve this order on defendant no later than **SEPTEMBER 30, 2011**. Plaintiffs also shall file a copy of the proof of service.

**IT IS SO ORDERED.**

Dated: September 15, 2011.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

8